IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| AMANDA M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[1] Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:18-cv-00023-PMW <br><br> Magistrate Judge Paul M. Warner |

Pursuant to 28 U.S.C. § 636(c), the parties consented to have Chief United States Magistrate Judge Paul M. Warner conduct all proceedings in this case, including trial, entry of final judgment, and all post-judgment proceedings.[2] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Plaintiff Amanda M. ("Plaintiff") seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see* 42 U.S.C. §§ 1381-1383f. After careful review of the administrative record, the parties' briefs, and the relevant law, the court

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul has been substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this action. *See* docket no. 20.

[2] *See* docket no. 13.

concludes that the Commissioner's decision is supported by substantial evidence and, therefore, is AFFIRMED.

## **BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB on February 11, 2014, and SSI on May 2, 2014, alleging disability beginning in October 2013.[3] These claims were denied initially on October 9, 2014,[4] and upon reconsideration on November 18, 2014.[5] Thereafter, Plaintiff filed a written request for a hearing; and Plaintiff appeared and testified at a hearing held on November 2, 2016.[6] On December 8, 2016, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's claims for DIB and SSI.[7] On January 18, 2018, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On February 14, 2018, Plaintiff filed her complaint in this case.[9] On June 7, 2018, the Commissioner filed an answer and a copy of the administrative record.[10] Plaintiff filed her

---

[3] *See* docket no. 10, Administrative Record ("AR ____") at 32, 230–47.

[4] *See* AR at 132–33.

[5] *See* AR at 170–71.

[6] *See* AR at 57–87.

[7] *See* AR at 29–53.

[8] *See* AR at 1–6.

[9] *See* docket no. 3.

[10] *See* docket nos. 9–10.

2

opening brief on July 20, 2018.[11] The Commissioner filed an answer brief on August 22, 2018.[12] Plaintiff filed her reply brief on September 21, 2018.[13]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v.*

---

[11] *See* docket no. 16.

[12] *See* docket no. 18.

[13] *See* docket no. 19.

3

*Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At step four, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

4

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

On appeal, Plaintiff contends that the Commissioner's decision should be reversed because the ALJ: (1) failed to consider certain record evidence in assessing Plaintiff's RFC; (2) failed to provide a narrative discussion showing how the evidence supported the RFC assessment; and (3) failed to address whether Plaintiff met the requirements for a closed period of disability. For the reasons that follow, the court finds Plaintiff has failed to provide the court grounds on which to overturn the decision of the Commissioner. The court finds that the ALJ applied the correct legal standards and that the ALJ's findings are supported by substantial evidence in the record.

### I. RFC

#### A. Substantial Evidence

Plaintiff first argues that the ALJ's finding that Plaintiff has the RFC to perform sedentary work subject to certain limitations is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ failed to consider Plaintiff's recurrent hospitalizations, surgeries, and recovery periods. The court disagrees.

A disabling impairment must limit the ability to perform substantial gainful activity for no less than 12 consecutive months. *See* 20 C.F.R. §§ 404.1509, 416.909; *Barnhart v. Walton*, 535 U.S. 212, 219 (2002) (stating that a claimant is not disabled "if within 12 months after the onset of an impairment . . . the impairment no longer prevents substantial gainful activity"); *see also* 20 C.F.R. §§ 404.1522, 416.922 (discussing unrelated concurrent and non-concurrent impairments that may not meet the 12-month duration test).

While the numerous medical difficulties and treatments certainly left Plaintiff unable to work for various durations of time, the record as a whole does not demonstrate that Plaintiff's impairments were of such severity that she was unable to engage in any gainful activity for a continuous durational period of 12 months. In reaching this determination, the ALJ considered each hospitalization, surgery, examination, recovery update, and resulting limitations, and determined—based on the totality of the objective medical evidence and other evidence in the record—that Plaintiff was capable of performing sedentary work throughout various durations through the relevant time period of October 2013 through December 2016.[14] Additionally, Plaintiff was able to work a sedentary job during the first quarter of 2016, and lost that job only because she did not have enough personal time to cover her recovery period after surgery.[15] Moreover, the record includes substantial medical evidence that Plaintiff experienced successful recoveries after her surgeries that permitted performance of sedentary work.[16]

---

[14] *See* AR at 38–44.

[15] *See* AR at 42.

[16] *See id.*

### B. Medical Opinions

Plaintiff next argues that the ALJ erred by giving reduced weight to the opinions of. Douglas S. Kasteler, MD ("Dr. Kasteler") and Cynthia Zumbrennan, PA-C ("Ms. Zumbrennan").

In evaluating the weight assigned to medical opinions from treating sources, nontreating sources, and nonexamining sources, an ALJ must consider the following factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c):

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotations and citation omitted); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff asserts that the ALJ wrongly determined that the opinions of Dr. Douglas and Ms. Zumbrennan were not consistent with the record.[17] Specifically, Plaintiff argues that Dr. Douglas and Ms. Zumbrennan's opinions, that Plaintiff would have to miss up to four days per month, were supported and consistent with evidence of Plaintiff's "hospitalizations, wound care treatment, doctor's appointments and home recovery periods post-surgery."[18] The court disagrees.

First, Plaintiff fails to identify any legal error in support of this argument, but simply argues that the ALJ should have accepted Plaintiff's recitation of the facts without addressing any of the inconsistent medical evidence relied upon by the ALJ to reduce the weight assigned to their opinions.[19] Second, the court finds the ALJ properly relied upon the fact that Dr. Douglas and Ms. Zumbrennan's opinions were inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *see also Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (concluding that the ALJ reasonably discounted a treating source opinion because it was inconsistent with other medical evidence); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotations and citations omitted)). The ALJ also properly relied upon the fact that Ms. Zumbrennan acknowledged she completed the form with Plaintiff's input and at her request, and that it was difficult to complete because she had been treating Plaintiff for only a

---

[17] *See* docket no. 16 at 8.

[18] *Id*.

[19] *See id.*; *see* AR at 43.

short period of time.[20] *Raymond*, 621 F.3d at 1272 (stating "an ALJ may decline to give controlling weight to the opinion of a treating physician where he "articulate[s] specific, legitimate reasons for his decision"). Because the ALJ relied upon proper factors in according reduced weight to the opinions of Dr. Douglas and Ms. Zumbrennan, the court concludes that the ALJ did not err in evaluating those opinions.

### C. Letter from Keeyan Corbitt

Plaintiff also argues that the ALJ erred by not factoring the letter of Keeyan Corbitt ("Mr. Corbitt"), Plaintiff's former supervisor at Teleperformance USA, into the RFC assessment and failing to offer explanation for reduced consideration.[21] The court disagrees. The ALJ assigned partial weight to Mr. Corbitt's written statements. In doing so, the ALJ relied upon the fact that Mr. Corbitt's opinion is consistent with the record showing that Plaintiff had instability issues because of her lower extremity impairment, but is inconsistent with the mental health treatment notes that show Plaintiff was able to control her impairments with medication and improved after her suicide attempt in October 2013.[22] Moreover, Mr. Corbitt states that Plaintiff was able to perform her job, but was only asked to resign because of her extended length of recovery period after her right leg and foot injuries.[23] Accordingly, the court concludes that the ALJ did not err in evaluating the statements of Mr. Corbitt.

---

[20] *See* AR at 43.

[21] *See* docket nos. at 8–9; docket no. 19 at 4–5.

[22] *See* AR at 43.

[23] *See* AR at 43.

## II. Narrative Discussion

Plaintiff argues that the ALJ did not support the RFC determination with a narrative discussion explaining how the medical and non-medical evidence sustained a conclusion that she could perform a range of sedentary work. The court disagrees and finds that the ALJ's RFC determination is supported by a proper narrative statement, as well as substantial evidence.

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citations and quotations omitted).

The ALJ thoroughly reviewed the medical evidence, which includes, but not limited to, discussion of medical records and observations, non-medical reports and statements, Plaintiff's own reports regarding her physical ability, and the activities Plaintiff engaged in throughout the relevant time period.[24] Moreover, the ALJ provides extensive discussion of how the evidence supports each conclusion, Plaintiff's ability to perform sustained work activities along with specific limitations, and explains how conflicting evidence was considered and resolved.[25] Accordingly, the court rejects Plaintiff's assertion that the ALJ failed to explain sufficiently his RFC determination and support his decision with substantial evidence. Plaintiff's contentions amount to an argument that the court should reweigh evidence, which this court cannot do. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) ("In reviewing the ALJ's decision, [the

---

[24] *See* AR at 37–44.

[25] *See id.*

court] neither reweigh[s] the evidence nor substitute[s] our judgment for that of the agency."); *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) ("The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal.").

### III. Closed Period of Disability

Plaintiff argues that the ALJ erred by finding that Plaintiff was not disabled from the period of October 2013 through December 2016, instead of finding that Plaintiff was disabled from the closed period of October 2013 through November 2016. Specifically, Plaintiff identifies November 1, 2016, as the date on which she was no longer disabled.

This date appears entirely arbitrary and Plaintiff fails to explain why or how she selected that date. Moreover, the ALJ found, which this court affirms, that Plaintiff was not disabled for at least 12 continuous months at any point during the relevant period.[26] Accordingly, the court finds the ALJ did not err.

### CONCLUSION

Based on the foregoing, the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of September, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[26] *See* AR at 46.

11